UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

                    Plaintiff,

          v.

MIGUEL BALDERAMA, et al.,

                    Defendants.

CASE NO. 3:18-cv-05016-BHS-JRC

ORDER CONVERTING MOTION
TO DISMISS TO MOTION FOR
SUMMARY JUDGMENT

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion to dismiss, alleging both that plaintiff has failed to exhaust his administrative remedies as to all defendants except defendant Balderama, and addressing plaintiff's claims on their merits. Dkt. 14.

Defendants challenge plaintiff's failure to exhaust under Federal Rule of Civil Procedure 12(b)(1). They cite to multiple cases, both within and without the Ninth Circuit, arguing that failure to exhaust is properly raised through Rule 12(b)(1)  and that, unlike more common

motions to dismiss where the Court may only examine the complaint, the Court may properly examine affidavits and other evidence outside the complaint to make its determination here. Dkt. 14 at 4-5.

The Ninth Circuit has held that "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. That court noted that, if the face of the complaint does not establish a failure to exhaust, "defendants must produce evidence proving failure to exhaust in order to carry their burden. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id*. Indeed, the Ninth Circuit, in interpreting this case, stated that "the proper procedural device for determining whether administrative remedies have been exhausted is a summary judgment motion." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1168).[1]

Though the Ninth Circuit has not explicitly forbidden a Rule 12(b)(1) motion to dismiss for failure to exhaust administrative remedies, the Court determines that, based on current Ninth Circuit law, the only proper avenues to challenge exhaustion are a Rule 12(b)(6) motion to dismiss if it is clear on the face of the complaint that plaintiff has failed to exhaust administrative remedies and the Court can make a determination based on the complaint itself, or a Rule 56 motion for summary judgment if the Court must examine additional evidence.

Here, plaintiff has indicated in his complaint that there is a prisoner grievance procedure in place, that he has filed grievances related to his complaint, and that the grievance process is

---

[1] Though defendants properly note that the District of Nevada granted a 12(b)(1) motion for failure to exhaust administrative remedies in *Antonetti v. Skolnik*, 2015 WL 1119975 at *1 (D. Nev. 2015), that court did not address *Albino* or its implications. The Court does not find that case or the additional cases from outside the Ninth Circuit persuasive.

complete. Dkt. 6 at 2. Thus, it is not clear from the face of the complaint that plaintiff has failed to exhaust his administrative remedies. Therefore, the Court must examine additional evidence to determine if plaintiff has properly exhausted those remedies and so a motion for summary judgment is the proper procedural device.

Insofar as defendants challenge plaintiff's exhaustion of administrative remedies under Rule 12(b)(1), the motion to dismiss is converted to a motion for summary judgment under Rule 56. In other words, the Court will examine more than just the complaint when determining whether plaintiff has exhausted his administrative remedies. To that end, plaintiff may submit evidence that he has, in fact, exhausted his remedies when he submits his response to defendants' motion. Defendants may also submit additional evidence along with their reply.

However, the Court will only examine evidence outside the complaint when it determines whether plaintiff has exhausted his administrative remedies. The Court will make a determination on the rest of defendants' motion to dismiss, addressing the merits of plaintiff's claims, based only on the complaint itself. In other words, the Court will examine the plaintiff's complaint on its face to determine if, with all allegations in the complaint presumed to be true, plaintiff has stated a claim on which relief can be granted.

Because the Court will not examine additional evidence outside the complaint as to the merits of plaintiff's claims at this time, defendants may still file a motion for summary judgment as to those claims, including evidence outside the complaint, if, after the Court has entered its report and recommendation, the District Court determines not to dismiss the action based on the current motion.

1    The Clerk is directed to convert defendants' motion to dismiss (Dkt. 14) to a motion for

2    summary judgment. The document should be retitled "motion for summary judgment as to

3    exhaustion and motion to dismiss."

4        The Clerk is also directed to renote the motion for summary judgment/motion to dismiss

5    (Dkt. 14) to June 8, 2018.

6        Dated this 8th day of May, 2018.

7

8    _____
     J. Richard Creatura
9    United States Magistrate Judge