UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

                    Plaintiff,

         v.

MIGUEL BALDERAMA, et al. et
al.,

                    Defendants.

CASE NO. 3:18-cv-05016-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 3, 2018

        This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard

Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR

1, MJR 3, and MJR 4.

        Plaintiff Abel Robinson alleges that defendant Balderama violated his constitutional

rights by denying him treatment for his damaged rotator cuffs, causing increased pain, and

delaying the treatment for a kidney infection, causing the infection to become drug-resistant and

progressing to the point of being life threatening. Plaintiff also alleges that defendants Davis,

Caruso, and Olson violated his rights by housing him in segregation without accommodations for

his disability and leaving him in soiled clothes for up to six hours at a time. As to defendant

1    Balderama, plaintiff has facially alleged claims for which relief may be granted, and defendant

2    Balderama has not shown that he is entitled to qualified immunity at this stage in the

3    proceedings. The claims against defendant Balderama should proceed. However, plaintiff has

4    failed to exhaust his administrative remedies as to his remaining claims, and so the Court

5    recommends that these claims be dismissed.

6                              **BACKGROUND and PROCEDURAL HISTORY**

7            Plaintiff initially filed his complaint in January of 2018. Dkt. 1. In his complaint, he

8    alleges that defendants have mistreated him in violation of his constitutional rights, presumably

9    his Fourteenth Amendment right as a pretrial detainee to be free from cruel and unusual

10   punishment. Dkt. 6. He alleges that defendants Caruso and Davis moved plaintiff to segregation

11   after receiving complaints from other prisoners about plaintiff's incontinence. *Id*. at p. 3. He

12   states that neither of the housing units they moved him to "had provision for the disabled." *Id*.

13   He also alleges defendant Olson "left plaintiff in soiled clothes up to 6 hours on different

14   occasions," "failed to give plaintiff new diapers and made jokes of plaintiff's incontinence." *Id*.

15   Plaintiff finally claims that defendant Balderama treated him with deliberate indifference when

16   he allegedly neglected to treat plaintiff's rotator cuff pain and an infection in his kidneys. *Id*. He

17   requests that the Court order that he be treated by a specialist, and also seeks $1 million in

18   compensatory damages, $1 million in punitive damages, and $1 million in consequential

19   damages. *Id*. at p. 4.

20           Defendants filed a motion to dismiss for failure to state a claim, arguing that plaintiff had

21   not exhausted his administrative remedies as to defendants Caruso, Davis, and Olson, and that

22   plaintiff had not sufficiently pled deliberate indifference as to defendant Balderama. Dkt. 14.

23   Because the Court was required to examine materials outside the pleadings in order to make a

24

determination on defendants' exhaustion argument, the Court converted that aspect of

defendants' motion to dismiss into a motion for summary judgment. Dkt. 17. Plaintiff has not

responded to defendants' motion.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Dismissal can be based on the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). Further,

when a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent

standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 U.S. 519

(1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.

1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

In addition, a motion to dismiss for failure to exhaust administrative remedies is properly

brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over

the material facts before the court and the moving party is entitled to judgment as a matter of

1   law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by*

2   *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to

3   summary judgment if the evidence produced by the parties permits only one conclusion.

4   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). When presented with a motion for

5   summary judgment, the court shall review the pleadings and evidence in the light most favorable

6   to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint

7   will be liberally construed  . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing*

8   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

9                                          **DISCUSSION**

10  **I.      Failure to Exhaust Administrative Remedies (Motion for Summary**

11            **Judgment)**

12           Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first

13  exhaust all available administrative remedies. The Prison Litigation Reform Act of 1995

14  ("PLRA"), 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to

15  prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined

16  in any jail, prison, or other correctional facility until such administrative remedies as are

17  available are exhausted." Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v.*

18  *Churner*, 532 U.S. 731, 739 (2001).  All "available" remedies must be exhausted. *Id.* Even when

19  the prisoner seeks relief not available in grievance proceedings, notably money damages,

20  exhaustion is still a prerequisite to suit. *Id.,* 532 U.S. at 741. Claims that are not exhausted under

21  the PLRA must be dismissed, not stayed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.

22  2002).

23

24

1      Once the defendant proves there was an available administrative remedy and the offender

2  failed to exhaust that available remedy, the burden shifts to the plaintiff.  The plaintiff must show

3  there was something about his particular claim which made the "existing and generally available

4  administrative remedies effectively unavailable to him."  *Williams v. Paramo*, 775 F.3d 1182,

5  1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

6      Here, defendants have provided the Court with the grievances filed by plaintiff between

7  March 2017 and March 2018. *See* Dkt. 15, p. 2. It appears that plaintiff filed three grievances in

8  that time. *Id*. at pp. 8-14. Those grievances all discuss his medical issues, including his course of

9  treatment for existing bladder and kidney issues, incontinence, rotator cuff pain, and defendant

10  Balderama's treatment of him. *Id*. Thus, plaintiff has exhausted the grievance procedure as to his

11  claims against defendant Balderama.

12      However, none of plaintiff's grievances mention his alleged movement into segregation,

13  the conditions of his segregation, or being left in soiled clothes for any period of time. *See id*.

14  Because plaintiff never raised those concerns in his grievances, plaintiff did not exhaust his

15  administrative remedies as to defendants Davis, Caruso, or Olson. Because defendant has shown

16  that plaintiff had access to an administrative remedy, but failed to exhaust that remedy, the

17  burden shifts to plaintiff to explain why he failed to exhaust his administrative remedies.

18  However, plaintiff has failed to file a response to defendants' motion, and so has not carried his

19  burden. Because of this, plaintiff has failed to exhaust his administrative remedies as to his

20  claims against defendants Davis, Caruso, and Olson. Therefore, the Court recommends that

21  defendants' motion be granted as to the claims against those three defendants.

22

23

24

1

## II.     Medical Deliberate Indifference (Motion to Dismiss)

2       The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by

3 prohibiting the State from punishing them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

4 The Ninth Circuit has "long analyzed claims that correction facility officials violated pretrial

5 detainees' constitutional rights" by failing to provide adequate medical care by determining if the

6 official acted with deliberate indifference. *Clouthier v. Count of Contra Costa*, 591 F.3d 1232,

7 1241 (9th Cir. 2010) (citing *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003)).

8       Deliberate indifference to a prisoner's medical needs is defined by the Ninth Circuit

9 Court of Appeals as the "unnecessary and wanton infliction of pain" by ignoring a prisoner's

10 serious medical need. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Indifference

11 may be manifested by a response to the prisoner's need, by the intentional denying or delaying

12 access to medical care, or the intentional interference with treatment once prescribed. *Id.* Where

13 a prisoner is alleging that delay of medical treatment resulted from deliberate indifference, the

14 prisoner must also show that the delay caused further injury. *See McGuckin v. Smith*, 974 F.2d

15 1050, 1060 (9th Cir. 1991).

16       "[C]laims for violations of the right to adequate medical care 'brought by pretrial

17 detainees against individual defendants under the Fourteenth Amendment' must be evaluated

18 under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d

19 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070

20 (9th Cir. 2016)). Thus, "the plaintiff must 'prove more than negligence but less than subjective

21 intent – something akin to reckless disregard.'" *Id*. (quoting *Castro*, 833 F.3d at 1071).

22 Defendants discussed both objective deliberate indifference and subjective deliberate

23 indifference because, when defendants filed their motion, the Ninth Circuit had not yet clarified

24

1    whether objective or subjective deliberate indifference applies to pretrial detainees. *See* Dkt. 14,

2    pp. 8-12. However, the Ninth Circuit has now clarified that defendants can be held liable for

3    deliberate indifference if their actions were objectively deliberately indifference – their

4    subjective intent is no longer material. *See Gordon*, 888 F.3d 1124-25.

5        Here, plaintiff first alleges that he complained of rotator cuff pain, but defendant

6    Balderama acted with deliberate indifference in failing to order an x-ray or refer plaintiff to an

7    outside specialist. Dkt. 6, p. 3. Plaintiff allegedly complained to defendant Balderama for seven

8    months without receiving treatment. *Id*. Insofar as plaintiff requests specific treatment, a

9    difference of opinion between a prisoner and his doctor about the treatment provided does not,

10    without more, constitute deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th

11    Cir. 1989). However, here, plaintiff alleges that he notified defendant Balderama of his pain and

12    defendant Balderama ignored his medical need for the following seven months, leading to

13    increased pain because of the non-treatment. Dkt. 6, p. 3. Plaintiff states that he still has not

14    received treatment. *Id*. A pro se prisoner's allegations must be given the benefit of any doubt.

15    *Bretz* 773 F.2d at 1027 n. 1. Thus, read liberally, plaintiff alleges that defendant Balderama

16    knowingly deprived plaintiff of necessary treatment for his damaged rotator cuffs for seven

17    months, and still has not provided treatment, leading to additional pain. Defendant Balderama's

18    alleged actions could therefore be "akin to reckless disregard" to plaintiff's serious medical need.

19    *Gordon*, 888 F.3d at 1070.

20        Further, plaintiff alleges that defendant Balderama delayed in his treatment of plaintiff's

21    kidney infection. He states that defendant Balderama was "slow" in trying to get rid of plaintiff's

22    infection. Dkt. 6, p. 3. He alleges that, because defendant Balderama delayed in his treatment and

23    delayed in referring plaintiff to an outside specialist, plaintiff developed a drug-resistant and life

24

1   threatening infection that ultimately required treatment by an outside infectious disease

2   specialist. Dkt. 6, p. 3. As noted above, plaintiff's disagreement with his doctor's methodology is

3   not enough on its own to state a claim of deliberate indifference. *Jackson*, 90 F.3d at 332.

4   Further, it is undisputed that plaintiff did eventually receive treatment for his kidney infection.

5   Dkt. 6, p. 3; Dkt. 14, pp. 8-13. However, plaintiff has again alleged that defendant Balderama's

6   delay in seeking a specialist for plaintiff's infection led to his infection becoming drug resistant

7   and life threatening. Dkt. 6, p. 3. He has again alleged a knowing delay in medical treatment that

8   has led to further injury – another situation that could be "akin to reckless disregard." *Gordon*,

9   888 F.3d at 1070. Thus, plaintiff has provided a facial claim that defendant Balderama acted with

10  objective deliberate indifference when he delayed plaintiff's rotator cuff and kidney treatments.

11  Therefore, the Court recommends denying defendants' motion as to this claim.

12          **III.    Qualified Immunity**

13          Defendants also assert that they are all entitled to qualified immunity. When defendants

14  assert qualified immunity in a motion to dismiss under Rule 12(b)(6), "'dismissal is not

15  appropriate unless [the Court] can determine, based on the complaint itself, that qualified

16  immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v.*

17  *California*, 251 F.3d 844, 851 (9th Cir. 2001)). Although defendants are entitled to raise

18  qualified immunity in a motion to dismiss, generally speaking, it is better addressed in the

19  context of a motion for summary judgment. *See Wong v. United States*, 373 F.3d 952, 956-57

20  (9th Cir. 2004) (noting that it is difficult for courts to decide qualified immunity at the motion to

21  dismiss stage because it forces the Court to decide "far-reaching constitutional question on a

22  nonexistent factual record," and suggesting the issue is better left for summary judgment). Thus,

23  if the court determines dismissal is not appropriate, the court may deny a qualified immunity

24

1    defense without prejudice and allow a defendant to re-raise the defense after further factual

2    development at summary judgment or at trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir.

3    1999).

4          This Court has already recommended that defendants Davis, Caruso, and Olson, should

5    be dismissed because plaintiff failed to exhaust his administrative remedies, and so the Court

6    declines to make a recommendation as to those defendants' qualified immunity.

7          As to defendant Balderama, defendants argue that "there is no 'prior law allegedly

8    establishing' that it *violates the constitution* for a doctor to pursue a different course of medical

9    treatment than an inmate wants . . . ." Dkt. 14, p. 17 (emphasis in original). However, that is not

10   all plaintiff alleges. Plaintiff also alleges that defendant Balderama delayed his medical care. He

11   states that, beginning in March of 2017, he complained about his rotator cuff and his pain has

12   since increased, but defendant Balderama still has not treated him. Dkt. 6, p. 3. He alleges further

13   that, beginning in March of 2017, he complained of kidney pains, but defendant Balderama did

14   not refer him to an outside urologist until November of 2017. *Id*. He states the pain in his

15   shoulders is still getting worse, and that defendant Balderama's delay in referring him to a

16   urologist caused his infection to become drug-resistant and so severe that it was life threatening.

17   *Id*.

18         Reading the allegations in the light most favorable to the non-moving party, defendant

19   Balderama knowingly withheld necessary medical treatment, delaying plaintiff's rotator cuff

20   treatment and causing plaintiff pain, and delaying his kidney infection treatment so severely that

21   it progressed to the point of being a threat to plaintiff's life. The right to be free from wanton

22   delays of necessary medical procedures it a right that is well established. *See Portillo v. Johnson*,

23   94 Fed. App'x 457, 459 (9th Cir. 2004) (finding that, despite repeated complaints and evidence

24

REPORT AND RECOMMENDATION - 9

1  of a kidney stone, defendant's three-month delay in referring a prisoner with a kidney stone to a

2  urologist constituted deliberate indifference).

3         Thus, at this early stage in the case, plaintiff has made allegations that would preclude

4  defendant Balderama from qualified immunity. Therefore, the Court recommends denying

5  defendants' motion as to qualified immunity for defendant Balderama without prejudice.

6                                              **CONCLUSION**

7         For the reasons set forth above, the Court recommends that defendants' motion for

8  summary judgment/motion to dismiss (Dkt. 14) be granted as to defendants Davis, Caruso, and

9  Olson. Defendants' motion for summary judgment/motion to dismiss (Dkt. 14) should be denied

10 as to the claims against defendant Balderama.

11        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

12 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

13 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

14 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

15 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

16 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

17 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 3,**

18 **2018** as noted in the caption.

19        Dated this 6th day of July, 2018.

20

21        _____

22        J. Richard Creatura
          United States Magistrate Judge

23

24

REPORT AND RECOMMENDATION - 10