UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

    Plaintiff,

v.

MIGUEL BALDERAMA,

    Defendant.

CASE NO. 3:18-cv-05016-BHS-JRC

ORDER GRANTING MOTION TO SEAL

    Plaintiff Abel Robinson filed this civil rights action pursuant to 42 U.S.C. § 1983. This civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Pending before the Court is defendant's motion to file under seal. Dkt. 24.

    Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court order expressly authorizes the party to file the document under seal, or a party files a motion or stipulated motion to seal before or at the same time the party files the sealed document. LCR

5(g)(1)-(2). However, the Ninth Circuit has a strong presumption of public access to judicial records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party intending to file a document under seal must overcome that strong presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome that presumption when a party seeks to file a document under seal in conjunction with a dispositive motion, the moving party must show a "compelling reason" to support maintaining the secrecy of the document. *Kamakana*, 447 F.3d at 1180. Courts in the Ninth Circuit have found the sensitive nature of a party's medical history may present a compelling reason to allow a party to file documents containing sensitive medical information under seal. *See O'Doan v. Sanford*, 2018 WL 2304040, at *1 (D. Nev. May 21, 2018); *Bell v. Perry*, 2012 WL 3779057, at *4 (D. Nev. Aug. 30, 2012); *Hendon v. Baroya*, 2012 WL 6087535, at *2 (E.D. Cal. Dec. 6, 2012).

Defendant requests that the Court accept a motion for summary judgment he has filed under seal, Dkt. 31, and two declarations he has filed under seal, Dkts. 32, 33. He has also provided redacted versions of all three documents, not filed under seal, Dkts. 26, 28, 29. He argues that, because plaintiff's allegations include claims that he was not provided adequate medical care, defendant will need to submit sensitive medical information about plaintiff's conditions and his treatments in order to adequately respond to plaintiff's allegations. Dkt. 24. Defendant states he has tried to meet and confer with plaintiff regarding the submission of his sensitive medical information, but plaintiff had not responded by the time the motion was filed. *Id*. The Court notes that plaintiff has not filed any opposition to defendant's motion. *See* Dkt.

Having reviewed defendant's motion to file under seal, defendant's sealed motion for summary judgement, and defendant's redacted, unsealed motion for summary judgment, the

Court finds it is necessary for defendant to submit sensitive medical information in order to adequately respond to plaintiff's allegations. Because of the sensitive nature of this medical information, the Court also finds there is a compelling reason to allow defendant to file his motion for summary judgment under seal. Therefore, it is ORDERED:

Defendant's motion to file under seal (Dkt. 24) is granted. The Court will consider defendant's sealed motion for summary judgment and will consider the sealed declarations attached in support. The Court will make a determination as to defendant's motion for summary judgment in a separate report and recommendation.

Dated this 19th day of October, 2018.

_____
J. Richard Creatura
United States Magistrate Judge