UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

        Plaintiff,

v.

MIGUEL BALDERAMA,

        Defendant.

CASE NO. 3:18-cv-05016-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 1, 2019

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff alleges that defendant Balderrama acted with deliberate indifference when he failed to adequately treat plaintiff's torn rotator cuff and failed to adequately treat a urinary tract infection. However, defendants have now provided undisputed evidence that plaintiff was treated with pain medication for his rotator cuff and was provided antibiotics, as well as several outside consultations, to treat his urinary tract infection. The Court finds that the undisputed facts do not show defendant Balderrama knew of, yet failed to address, plaintiff's serious medical needs. As

such, the Court finds that plaintiff has provided no evidence that defendant Balderrama acted with deliberate indifference toward plaintiff and recommends that defendant Balderrama's motion for summary judgment be granted.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff initially filed this action in January of 2018. Dkt. 1. He named four defendants, including defendant Balderrama, in his complaint. Dkt. 6. Defendants filed a motion to dismiss, which the court converted in part to a motion for summary judgment, in May of 2018. Dkts. 14, 17. The Court recommended all defendants except for defendant Balderrama be dismissed from the action, and the Honorable Benjamin H. Settle adopted that recommendation. Dkts. 18, 20.

The remaining claims against defendant Balderrama allege that he acted with deliberate indifference in failing to provide adequate medical care for plaintiff's torn rotator cuff and urinary tract infection. Dkt. 6. He alleges that defendant Balderrama failed to provide plaintiff an x-ray for his shoulder and failed to seek outside consultation for his shoulder. *Id*. He also alleges that defendant Balderrama provided the improper antibiotic for his urinary tract infection, causing the infection to worsen and eventually become resistant to antibiotics. *Id*.

Defendants have now filed a motion for summary judgment, as well as evidence under seal because it contains plaintiff's sensitive medical information. Dkts. 26, 31, 32, 33. Plaintiff has not filed anything in response. *See* Dkt.

## STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled

to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In addition, when a party fails to file a response to a motion for summary judgment, the Court does not take that as an admission that the motion has merit. LCR 7(b)(2). However, the Court may consider the facts produced by the moving party as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

**DISCUSSION**

Plaintiff's final surviving claim is that defendant Balderrama acted with deliberate indifference to plaintiff's serious medical needs when he allegedly failed to adequately address plaintiff's damaged rotator cuff and failed to adequately treat plaintiff's urinary tract infection. Plaintiff was a pretrial detainee at the time of his allegations. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by prohibiting the State from punishing them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The Ninth Circuit has "long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights" by failing to provide adequate medical care by determining if the official acted with deliberate indifference. *Clouthier v. Count of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (citing *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003)).

Deliberate indifference to a prisoner's medical needs is defined by the Ninth Circuit as the "unnecessary and wanton infliction of pain" by ignoring a prisoner's serious medical need. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Indifference may be manifested by a response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* Where a prisoner is alleging that delay of medical treatment resulted from deliberate indifference, the prisoner must also show that the delay caused further injury. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1991).

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent

1  – something akin to reckless disregard.'" *Id*. (quoting *Castro*, 833 F.3d at 1071). Thus, a plaintiff

2  must demonstrate: (1) a defendant made an intentional decision with respect to plaintiff's

3  medical condition; (2) the condition put plaintiff at substantial risk of suffering serious harm; (3)

4  the defendant did not take reasonable measures to abate the risk; and (4) by noting taking such

5  measures, the defendant caused plaintiff injury. *Id*. at 1125.

6        The Court notes that the record in this case is exceptionally thin. The only evidence

7  plaintiff has submitted is his complaint, sworn under penalty of perjury, and defendants have

8  only submitted two declarations with three exhibits. *See* Dkts. 6, 27, 28, 32, 33. However,

9  plaintiff has not provided any opposition to this motion for summary judgment. Though the

10 Court does not take a failure to respond to a motion for summary judgment as an admission that

11 the motion has merit, *see* LCR 7(b)(2), the Court may consider the facts produced by the moving

12 party as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

13       Here, plaintiff has not shown that defendant Balderrama acted with deliberate

14 indifference when he treated plaintiff's rotator cuff injury and urinary tract infection. The

15 undisputed evidence indicates that defendant Balderrama knew of plaintiff's shoulder injury and

16 urinary tract infection when plaintiff was admitted. Dkt. 32, ¶2. However, the evidence also

17 indicates that plaintiff was prescribed antibiotics for his urinary tract infection and was visited no

18 fewer than eight times by medical staff in his first month of incarceration. *Id*. He was also

19 prescribed pain medication for his shoulder and was provided with specialized injections to help

20 with pain. *Id*. at ¶4. Though plaintiff complains that defendant Balderrama never provided an x-

21 ray of plaintiff's shoulder, defendant Balderrama has now submitted undisputed evidence that

22 the x-ray was not appropriate because plaintiff's injury was a soft tissue injury – an injury that

23 could not be adequately examined using an x-ray. *Id*. Further, defendant Balderrama has

24

1 submitted undisputed evidence that an outside consultation for plaintiff's shoulder was not
2 considered because outside consultations of that type are only used for determinations on
3 whether to pursue surgery, and plaintiff's other medical issues precluded surgery at that time. *Id*.

4     Plaintiff also alleges that defendant Balderrama's course of treatment for his urinary tract
5 infections was inadequate and led to plaintiff developing antibiotic resistant bacteria. *See* Dkt. 6.
6 However, Defendant Balderrama has submitted undisputed evidence that plaintiff was examined
7 by several outside specialists regarding his urinary tract infection. Dkt. 32, ¶5. Between August
8 2017 and February 2018, plaintiff was examined by two outside general practice physicians, as
9 well as a urologist and an infectious disease specialist. *Id*. Defendant Balderrama has now
10 submitted undisputed evidence that the outside doctors agreed with defendant Balderrama's
11 initial treatment with antibiotics. *Id*. They only later recommended more aggressive treatments
12 with other antibiotics, and plaintiff was provided treatment with those antibiotics based on those
13 recommendations. *Id*. In addition, defendants have submitted undisputed evidence that plaintiff's
14 antibiotic resistant bacteria was present before plaintiff was every incarcerated. *Id*.

15     Finally, before filing this lawsuit, plaintiff filed a complaint with the Washington
16 Department of Health Medical Quality Assurance Commission ("Commission"). Dkt. 32-1. In
17 that complaint, he raised the same issues that plaintiff has raised in this complaint. *See* Dkt. 32-1,
18 pp. 6-9. However, defendant Balderrama has submitted undisputed evidence that the
19 Commission, having examined plaintiff's complaint and the evidence before it, found that
20 defendant Balderrama's care of plaintiff was adequate and did not fall short of the standard of
21 care. Dkt. 32-2.

22     Here, based on the limited but undisputed evidence before the Court, the Court finds that
23 defendant Balderrama's actions do not amount to unconstitutional deliberate indifference. First,
24

1  defendant Balderrama provided plaintiff with pain medication and injections to help the pain in
2  plaintiff's shoulder. He did not do an x-ray because the x-ray would be ineffective and did not
3  seek an outside consultation for the shoulder because surgery was an option for plaintiff at the
4  time. Defendant Balderrama also provided plaintiff with antibiotics for his urinary tract infection,
5  a treatment that was approved of by other doctors. Plaintiff was also seen by four other doctors
6  who eventually prescribed different antibiotics. Finally, plaintiff filed a complaint with the
7  Commission, who determined that defendant Balderrama's actions did not violate any standards
8  of care.

9       In addition, in the Ninth Circuit, a prisoner must be provided notice with a motion for
10 summary judgment, providing the prisoner fair warning that he must submit evidence beyond
11 merely his complaint in support of his claims in order to avoid summary judgment. *Rand v.*
12 *Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
13 2012). Here, despite being placed on notice by defendant that plaintiff was required to provide
14 evidence beyond merely his complaint, *see* Dkt. 27, plaintiff failed to provide any evidence in
15 support of his claims.

16       The Court does not find that these facts, even viewed in the light most favorable to
17 plaintiff, demonstrate that defendant Balderrama knew of, yet disregarded, plaintiff's serious
18 medical needs. To the contrary, the undisputed facts indicate defendant Balderrama provided
19 ongoing care for plaintiff during his incarceration. Thus, the Court finds that the undisputed facts
20 do not show defendant Balderrama acted with deliberate indifference. Therefore, the Court
21 recommends that defendant Balderrama's motion for summary judgment (Dkts. 26, 31) be
22 granted.

23
24

**CONCLUSION**

For the reasons set forth above, the Court recommends that defendant Balderrama's motion for summary judgment (Dkts. 26, 31) be granted and that plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 1, 2019** as noted in the caption.

Dated this 24th day of January, 2019.

J. Richard Creatura
United States Magistrate Judge